IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 24, 2019

## JOEEL BYRD ET AL. v. MRS. GRISSOM'S SALADS, INC.

**Appeal from the Circuit Court for Davidson County**
**No. 14C4360 Hamilton V. Gayden, Jr., Judge**

_____

### No. M2019-01232-COA-R3-CV

_____

Both the plaintiffs and the defendant have appealed from an order granting in part and denying in part the defendant's motion for summary judgment. The trial court determined that there was no just reason for delay and directed the entry of a final judgment under Tennessee Rule of Civil Procedure 54.02. Because the partial summary judgment is not appropriate for certification as a final judgment under Tennessee Rule of Civil Procedure 54.02, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, AND RICHARD H. DINKINS, JJ.

Luvell L Glanton, Nashville, Tennessee, for the appellants, Joeel Byrd, and Lavondia Byrd.

Joseph R. Wheeler, Nashville, Tennessee, for the appellee, Mrs. Grissom's Salads, Inc.

**MEMORANDUM OPINION[1]**

_____

[1]Tenn. R. Ct. App. 10 states:
This court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This appeal arises out of a fatal motor vehicle accident. Dimitra Byrd was driving on Interstate 24 when she was involved in a collision with a refrigerated box truck driven by Jeffrey Craddock and owned by Mr. Craddock's employer, Mrs. Grissom's Salads, Inc. Both Ms. Byrd and her passenger were killed. Plaintiffs Joeel Byrd and Lavondia Byrd, as next of kin to Dimitra Byrd ("Plaintiffs"), along with several other plaintiffs, filed suit against Mr. Craddock and Mrs. Grissom's Salads, Inc. ("Defendant").[2]

After several years of protracted litigation, Defendant filed a motion for summary judgment. On December 4, 2018, the trial court granted the motion in part and denied the motion in part. Among other rulings, the trial court granted Defendant a summary judgment as to any claims for negligent hiring, training, supervision, or retention but denied summary judgment as to the claims of general negligence and negligence per se. On May 2, 2019, the trial court entered a memorandum opinion granting the parties permission to appeal under Tenn. R. App. P. 9.[3] However, no Tenn. R. App. P. 9 application was ever filed in this court. On June 18, 2019, the trial court entered an order clarifying its memorandum opinion, finding no just reason for delay, and directing the entry of a final judgment under Tenn. R. Civ. P. 54.02.  Both Plaintiffs and Defendant filed timely notices of appeal.

This court has reviewed the record on appeal under Tennessee Rule of Appellate Procedure 13(b) to determine if the court has subject matter jurisdiction over the appeal. Based on that review, we have determined that the order appealed is not appropriate for certification as final under Tennessee Rule of Civil Procedure 54.02.

A party is generally entitled to an appeal as of right only after the trial court has entered a final judgment that resolves all the claims between all the parties, leaving nothing else for the trial court to do. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003); *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). The trial court may also direct the entry of a final judgment "as to one or more but fewer than all of the claims or parties" under Tennessee Rule of Civil Procedure 54.02(1). However, the trial court's authority to direct the entry of a final judgment is not absolute. *Crane v. Sullivan*, No. 01-A-01-9207-CH-00287, 1993 WL 15154, at *1 (Tenn. Ct. App. Jan. 27, 1993). First, Tennessee Rule of Civil Procedure 54.02 requires that the order certified as final actually adjudicate one or more of the claims or parties. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 557 (Tenn. 1990). Second,

---

[2] The other plaintiffs are not involved in this appeal, and the claims against Mr. Craddock were voluntarily dismissed on November 30, 2016.

[3] The memorandum opinion also references Tenn. R. Civ. P. 54.02. We note that granting permission to seek an interlocutory appeal under Tennessee Rule of Appellate Procedure 9 and certifying an order as final under Tennessee Rule of Civil Procedure 54.02 for the purpose of filing an appeal as of right under Tennessee Rule of Appellate Procedure 3 are entirely separate determinations and are generally mutually exclusive.

the trial court must determine that there is "no just reason for delay." Tenn. R. Civ. P. 54.02(1).

The determination of whether an order disposes of a separable claim is a question of law reviewed de novo. *Brown v. John Roebuck & Assocs., Inc.*, No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at *5 (Tenn. Ct. App. Dec. 16, 2009).

> If the trial court certifies a judgment as final, but it is not conclusive as to an entire claim or party, an appeal from it will be dismissed even though the trial court decided to treat the order as final. Without a final adjudication of at least one claim, Rule 54.02 is simply inapplicable.

*Coleman v. Tenn. Bd. of Parole*, No. M2016-00410-COA-R3-CV, 2016 WL 6248027, at *4 (Tenn. Ct. App. Oct. 25, 2016) (citation omitted).

A "claim" for the purposes of Tennessee Rule of Civil Procedure 54.02 is defined as the "aggregate of operative facts which give rise to a right enforceable in the courts." *Carr v. Valinezhad*, No. M2009-00634-COA-R3-CV, 2010 WL 1633467 at *2 (Tenn. Ct. App. Apr. 22, 2010) (citations omitted). Alternate theories in pursuit of one recovery do not constitute separate claims. *Paul v. Watson*, No. W2011-00687-COA-R3-CV, 2012 WL 344705, at *4 (Tenn. Ct. App. Feb. 2, 2012). Likewise, a complaint seeking multiple remedies for the alleged violation of a single right states only a single claim for relief. *Coleman v. Tennessee Bd. of Parole*, 2016 WL 6248027, at *5.

Here, the claims for negligent hiring, training, supervision, and retention and the claims of general negligence and negligence per se all arise out of the same operative facts. They are merely alternative theories in pursuit of one recovery, and for the purposes of Tennessee Rule of Civil Procedure 54.02, they state a single claim for relief. Thus, the trial court's ruling is not "dispositive of an entire claim or party" and is not subject to certification as final under Rule 54.02. *Bayberry Assocs. v. Jones*, 783 S.W.2d at 558.

Because the order does not dispose of one or more claims or parties, we need not address the trial court's finding of "no just reason for delay." *Carr*, 2010 WL 1633467, at *2. We note, however, that piecemeal litigation is disfavored in Tennessee. Judicial economy favors having all issues reviewed in a single appeal, and we see no reason why an appeal in this case should not await the resolution of all issues.

The appeal is hereby dismissed without prejudice to the filing of a new appeal once the trial court has entered a final judgment that disposes of all the claims between all the parties. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs are taxed one half to the appellants and one half to the appellees.

PER CURIAM